IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-cv-263 Erie |
| | ) | |
| v. | ) | Judge Mark R. Hornak |
| | ) | |
| KEYSTONE SHIPPING COMPANY, KEY | ) | |
| LAKES I, INC. and/or KEY LAKES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION

**Mark R. Hornak, United States District Judge**

Pending before the Court is a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Keystone Shipping Company ("Keystone") (ECF No. 7) and a motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) filed by Defendants Key Lakes, Inc. ("KL") and Key Lakes I, Inc. ("KLI") (collectively, "Key Lakes") (ECF No. 10). For the reasons which follow, Keystone's motion is granted and Key Lakes' motion is denied.

## I.     BACKGROUND

The facts underlying this matter are simple, albeit sparsely detailed in the Complaint. Plaintiff David Daniels ("Daniels") suffered an infection while working on a ship operating on the Great Lakes. Compl. ¶ 2. On August 24, 2014, Daniels was discharged from the ship in Erie, Pennsylvania, to seek medical treatment. *Id*. ¶ 2. At the time, Daniels was employed by Key Lakes, Inc., and the demise charterer of Daniels' ship was Key Lakes I. *Id*. ¶ 3.

During his treatment and recovery, Daniels alleges that the defendants paid him maintenance and cure "at the starvation rate of $8.00 per day." *Id.* ¶ 4. Daniels contends that he is instead entitled to maintenance at a rate commensurate with his actual living expenses. *Id.* ¶ 5.

## II.  STANDARD FOR REVIEW

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The District Court must accept the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In short, a motion to dismiss should be granted if a party does not allege facts which could, if established at trial, entitle him to relief. *See Fowler*, 578 F.3d at 211.

When a defendant raises the issue of personal jurisdiction in a motion pursuant to Fed. R. Civ. P. 12(b)(2), the burden of proving personal jurisdiction over a defendant falls on the plaintiff. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). The plaintiff may establish a prima facie case of personal jurisdiction by demonstrating, with reasonable particularity, sufficient contacts between the moving defendant and the forum state. *Id.* at 330; *Mellon Bank (E.) PSFS, Nat'l Assoc. v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). A plaintiff may demonstrate these sufficient minimum contacts via affidavits or other competent evidence. *Metcalfe*, 56 F.3d at 330 (quoting *Dayhoff Inc. v. J.J. Heinz Co.*, 86 F.3d 1287, 1302 (3d Cir. 1996)). The court must accept the plaintiff's allegations as true and construe disputed facts in his favor. *Id.*

III.   **DISCUSSION**

### A.  Keystone's 12(b)(6) Motion

In his Complaint, Daniels alleges in a conclusory fashion that "Key Lakes, Inc. or Keystone in the alternative, is [his] employer . . . and Keystone is alternatively liable for negligent administration of maintenance under Restatement 324(A)."  Compl. ¶ 3.  Daniels does not provide anything else to support his claims against Keystone.

By way of background, a seaman who is injured on the job may be entitled to a form of payment known as maintenance.  Maintenance "is the payment by a shipowner to a sailor for the sailor's food and lodging costs incurred while he is ashore as a result of illness or accident." *Delaware River & Bay Authority v. Kopacz*, 584 F.3d 622, 624 (3d Cir. 2009) (citing *Barnes v. Andover Company, L.P.*, 900 F.2d 630, 631 (3d Cir. 1990)).  It is well-settled that an injured seaman must seek maintenance from either his employer or the owner or charterer of the vessel upon which he is injured.  *See*, *e.g.*, *Barnes*, 900 F.2d at 633-34 (noting that it is the duty of the employer/shipowner to provide maintenance and cure for any injuries incurred while a seaman is on duty); *Watson v. Oceaneering Intern., Inc.*, 387 F.Supp.2d 385, 388 (D. Del. 2005) ("It is well established that a vessel and its owner are liable to a seaman on the vessel for . . . maintenance and cure for injuries sustained on the vessel."); *Nichols v. Weeks Marine, Inc.*, 513 F.Supp.2d 627, 638 (E.D. La. 2007) ("The seaman's claim for maintenance and cure lies against the seaman's employer . . .").  Keystone, in its motion to dismiss, contends that it is neither:

> Here, Daniels was never employed by Keystone.  Nor did Keystone own, operate, or charter the subject vessel.  Moreover, Keystone was not the entity that made maintenance payments to Plaintiff.  Rather, it simply issued maintenance payments on behalf of Key Lakes I, Inc.

ECF No. 8 at 4 (internal citations omitted); Wassel Decl. ¶¶ 3-6.  At an oral argument on the pending motions held on July 7, 2015, Daniels' counsel offered no refutation to Keystone's

assertions that it did not employ Daniels or own the vessel at issue, nor did he indicate that he was aware of any unpled facts that could fill this gap[1]. More importantly, the Complaint is so threadbare that its conclusory assertions are of no help. Keystone is not an appropriate defendant with respect to Daniels' claim for maintenance.

Alternatively, Daniels contends that Keystone is liable for negligently administrating the maintenance payments on behalf of Key Lakes. Daniels relies on Section 324A of the Restatement (Second) of Torts which provides as follows:

> One who undertakes . . . to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking . . .

Restatement (Second) of Torts § 324A. However, courts have widely held that an action for negligence based on Section 324A is limited to instances where the plaintiff suffers some sort of resulting physical harm, rather than mere economic loss. *See*, *e.g.*, *Sound of Market St., Inc. v. Continental Bank Int'l*, 819 F.2d 384, 392 (3d Cir. 1987) (rejecting a Section 324A claim based on negligence in the processing of a line-of-credit letter because the harm was entirely economic and noting that "we have found no Pennsylvania case that has imposed liability in the absence of . . . physical injury.") (collecting cases). Here, Daniels does not allege that any physical harm resulting from the allegedly insufficient payments, but seeks only "maintenance at a rate commensurate with is [sic] living expenses." Compl. ¶ 5. Consequently, he cannot sustain a Section 324A claim, and Keystone's motion to dismiss must be granted.

## B.  Key Lakes' 12(b)(2) Motion

A district court may exercise personal jurisdiction over a non-resident defendant in accordance with the law of the state where the district court sits. Fed. R. Civ. Pro. 4(e); *Abel v.*

---

[1] Of course, Plaintiff could have also amended his Complaint as a matter of right when he saw the Motion to Dismiss.  Fed. R. Civ. P. 15(a).  He did not.

*Kirbaran*, 267 F. App'x 106, 108 (3d Cir. 2008.); *Eurofins Pharma U.S. Holdings v. BioAlliance Pharma S.A.*, 623 F.3d 147, 155 (3d Cir. 2010). As Pennsylvania's long-arm statute is coextensive with the United States Constitution, the limits set by Due Process Clause of the Fourteenth Amendment govern the jurisdictional inquiry here. 42 Pa. Con. Stat. § 5322(b); *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 63 (3d Cir. 1984). The Due Process Clause requires that sufficient minimum contacts exist between the non-resident defendant and the plaintiff's chosen forum for personal jurisdiction to be proper. *Time Share*, 735 F.2d at 63. "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws.'" *Remick v. Manfredy*, 238 F.3d 248, 255 (3rd Cir. 2001) (quoting *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987)).

Personal jurisdiction exists in two forms: specific and general. *Abel*, 267 F. App'x at 108. "Specific jurisdiction" applies where the defendant purposefully directed certain of its activities at the forum state, and the cause of action arises out of those same activities. *Id.*; *O'Conner v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007). If these two requirements are met, the district court then considers whether the exercise of specific jurisdiction comports with notions of fair play and substantial justice. *O'Conner*, 496 F.3d at 317. The broader jurisdictional predicate - general jurisdiction - is proper where the defendant maintains continuous and systematic contacts with the forum, making the exercise of that state's judicial power over the defendant proper. *Metcalfe*, 566 F.3d at 344; *Abel*, 267 F. App'x at 108.

In the instant case, Daniels focuses almost entirely on attempting to establish specific personal jurisdiction. That inquiry has three parts. First, the defendant must have "purposefully directed [its] activities" at the forum. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)

(quotation marks omitted). In evaluating this element, the touchstone is whether "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." *Id*. at 474 (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). Second, the litigation must "arise out of or relate to" at least one of those activities. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984); *Grimes v. Vitalink Commc'ns Corp*., 17 F.3d 1553, 1559 (3d Cir. 1994). And finally, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise "comport[s] with 'fair play and substantial justice.'" *Burger King*, 471 U.S. at 476 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

In seeking dismissal, the Key Lakes defendants offer a host of evidence in support of their contention that neither entity purposefully directed its activities at the State of Pennsylvania. For example, both Key Lakes, Inc. and Key Lakes I are incorporated in Delaware and have their principal places of business in Duluth, Minnesota. KL Peterson Decl. ¶ 3; KLI Peterson Decl. ¶ 3.[2] Neither entity has ever had any offices, facilities, staff, sales persons, agents, employees, or real or personal property in Pennsylvania. KL Peterson Decl. ¶¶ 9, 12-16, 21; KLI Peterson Decl. ¶ 10, 12-14, 17-18. Neither has ever been licensed or registered to conduct business in Pennsylvania, and neither sells goods, pays taxes, or maintains a telephone listing in Pennsylvania. KL Peterson Decl. ¶¶ 8, 11, 19-20; KLI Peterson Decl. ¶¶ 11, 16, 21-22. Moreover, neither entity engages in a substantial amount of business in Pennsylvanian waters. KLI's trade occurs primarily in Minnesota, Ohio, Illinois, Indiana, Michigan, and Canadian waters. KL Peterson Decl. ¶ 7. Deliveries to Pennsylvania ports represented less than 0.15% of KLI's cargo deliveries in the time period immediately following Daniels' illness. *Id*. ¶¶ 6, 8.

---

[2] William Peterson, the general manager of Key Lakes, Inc., has submitted an affidavit on behalf of both KL and KLI. The Court will refer to these documents as "KL Peterson Decl." and "KLI Peterson Decl." throughout this opinion.

On the other hand, KL and KLI concede that their corporate officers and directors are all located in Pennsylvania, as well as their banking accounts. KL Peterson Decl. ¶¶ 7, 18; KLI Peterson Decl. ¶¶ 9, 20. At the time of Daniels' infection, the ship was delivering cargo to Erie, Pennsylvania, and Key Lakes eventually discharged Daniels from the vessel to seek medical treatment from a hospital located at that Pennsylvania port. Compl. ¶¶ 1-2; KLI Peterson Decl. ¶ 8. Moreover, all material KL and KLI contact with Plaintiff since that date has been directed by them from Pennsylvania. Such contacts have been consequential in the specific context of this case, including the letter terminating his employment, a letter accompanying his benefits payments, and a letter asserting Key Lakes' position with respect to Daniels' ongoing medical treatment. O'Brien Decl. Ex. A, B, C. Indeed, a recent communication from Key Lakes to Daniels reveals that Key Lakes' claims department for handling the benefits at issue here is located in Bala Cynwyd, Pennsylvania. O'Brien Supp. Decl. Ex. A. Thus, there is a sufficient basis to conclude that Key Lakes purposefully directed its activities at Pennsylvania, that this litigation arises out of or directly relates to those activities, and exercising jurisdiction over it in Pennsylvania comports with fair play and substantial justice.

In light of the foregoing, the Court concludes that Daniels has presented sufficient evidence to demonstrate with reasonable particularity that Key Lakes has the requisite minimum contacts with Pennsylvania, particularly at this nascent stage in the proceedings. Key Lakes' motion to dismiss will be denied, but without prejudice to revisit the issue at the summary judgment stage, if warranted.[3]

---

[3] As an alternative to outright dismissal, Key Lakes requested that this action be transferred to the United States District Court for the District of Minnesota pursuant to 28 U.S.C. § 1406(a). That request is framed as an alternative to dismissal in the event that personal jurisdiction is found lacking, rather than as an independent motion for change of venue pursuant to 28 U.S.C. § 1404(a). If it were the latter, Key Lakes provides the Court with no legal or factual basis to order such a transfer. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873 (3d Cir. 1995). Given the Court's conclusion that personal jurisdiction is appropriate in this district, and the lack of any presented basis for transfer, Key Lakes' alternative request for transfer is denied.

**IV.** **CONCLUSION**

For the foregoing reasons, Keystone's motion to dismiss for failure to state a claim is granted. Key Lakes' motion to dismiss for lack of personal jurisdiction is denied without prejudice.

An appropriate order will issue.


s/ Mark R. Hornak
Mark R. Hornak
United States District Judge

Dated: August 21st, 2015

cc: All counsel of record